**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————X
                                                      :
ANTHONY TOMAINE, on behalf of himself and  :
all others similarly situated,                        :
                                                      :
                        Plaintiff,            :    Civil Action No.
                                                      :
vs.                                                   :    **CLASS ACTION COMPLAINT AND**
                                                      :    **JURY TRIAL DEMAND**
SELIP & STYLIANOU, LLP aka SELIP &         :
STYLIANOU LIMITED LIABILITY                :
PARTNERSHIP,                                  :
                                                      :
                        Defendant.            :
——————————————————  X


    Plaintiff ANTHONY TOMAINE (hereinafter "Plaintiff"), on behalf of himself

and all others similarly situated, by and through his undersigned attorney, alleges against

the above-named Defendant SELIP & STYLIANOU, LLP aka SELIP & STYLIANOU

LIMITED LIABILITY PARTNERSHIP, of Bergen County New Jersey, (hereinafter

"Defendant"), its employees, agents, and successors, the following:


**PRELIMINARY STATEMENT**

    1.      Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq*., which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Monmouth County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

2

8.      Based upon information and belief defendant SELIP & STYLIANOU, LLP aka SELIP & STYLIANOU LIMITED LIABILITY PARTNERSHIP ("SELIP & STYLIANOU") is a limited liability partnership organized under the laws of the State of New York with its principle place of business located in Paramus, New Jersey.

9.      Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).


## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or been subject to court filings from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action.

•       All New Jersey consumers against whom Defendant made an attempt to collect post-judgment interest and/or other amounts in excess of what Defendant was entitled to collect;

•   The Class period begins one year prior to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

• Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or been subject to court filings from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard court filing and collection letters (*See* **Exhibits A, C and D,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.     Sometime prior to May 3, 2010, Plaintiff allegedly incurred a financial obligation to Discover Bank related to a credit card account ("the Discover obligation").

17.     The Discover obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18.     The alleged Discover obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     Discover Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.     Sometime prior to May 3, 2010, Discover Bank, either directly or through intermediate transactions assigned, placed or transferred the Discover obligation to the law firm of Eichenbaum & Stylianou, L.L.C ("Eichenbaum & Stylianou") for collection.

21.     At the time the Discover Obligation was assigned, placed or transferred to Eichenbaum & Stylianou, the Discover obligation was in default.

22.     On or about, May 3, 2010, Eichenbaum & Stylianou filed a lawsuit against Plaintiff on behalf of Discover Bank entitled <u>Discover Bank v. Anthony Joseph Tomaine</u>, Mon-DC-009397-10 ("the State Court Action") in the New Jersey Superior Court of New Jersey, Law Division, Special Civil Part, to recover $11,646.39 related to the defaulted Discover Bank credit card account, together with interest, attorney's fees and costs of suit.

23.     On or about June 21, 2010, Eichenbaum & Stylianou, on behalf of Discover Bank, obtained a default judgment against Plaintiff in the State Court Action in the amount of $11,951.32 with a VJ Number 011911-10 ("the State Court Judgment").

24.     The State Court Judgment was transferred from Eichenbaum & Stylianou to Defendant for purposes of collection.

25.     Defendant is the successor law firm to Eichenbaum & Stylianou.

26.     On January 10, 2019, Defendant filed a proposed Writ of Execution Against Goods and Chattels ("the Proposed Writ") in the State Court Action.   (See, attached Exhibit A).

27.     The Proposed Writ sought to collect an amount for post-judgment interest of $641.32 labeled as "Interest from Prior Writs", plus further post-judgment interest labeled as "Additional New Interest on the Writ", also in the amount of $641.32.

28.     The Interest amount of $641.32 was added **<u>twice</u>** to the Total Judgment Amount, along with other costs to arrive at a Total Due this Date amount of $14,645.36.

29.     Defendant was not entitled to seek collection of the $641.32 interest amount twice.

30.     Additionally, the $641.32 interest amount listed in the Proposed Writ was

in excess of the post-judgment interest that Defendant was entitled to collect.

31.    Based upon Defendant's filing of the proposed Writ, on January 14, 2019, the Court issued a Writ of Execution Against Goods and Chattels in the amount of $14,486.03, which was $159.33 **less** than the amount that Defendant was seeking when it submitted the Proposed Writ to the court only 4 days earlier.  (See Attached Exhibit B)

32.    As such, Defendant's Proposed Writ sought to collect more than it was entitled to collect.

33.    On or about April 1, 2019, with respect to the State Court Judgment, Defendant caused a Bank Execution against Plaintiff's bank account maintained with Bank of America resulting in a bank levy of $278.75.

34.    On or about April 23, 2019, Defendant filed a Motion for Turnover of the $278.75 funds in Plaintiff's Bank of America bank account that had been levied upon.

35.    In support of the Motion for Turnover, Defendant submitted a Certification in Support of Motion to Turn Over Monies indicating that there was still due an outstanding judgment balance in the amount of $14,857.26, exclusive of the costs of the motion and exclusive of the court officer's commission.  (See, attached Exhibit C). However, the $14,857.26 amount listed in this Certification was in excess of the amount actually owed by Plaintiff.

36.    Defendant sent Plaintiff a collection letter dated June 19, 2019 that indicated the Total Balance Due was $14,857.26.  A copy of the June 19, 2019 collection letter is attached as Exhibit D.

37.    The June 19, 2019 collection letter once again sought to collect post-judgment interest in excess of what Defendant was entitled to collect on behalf of the

creditor.

38.    Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

39.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

40.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

41.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

42.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the amount of judgment that he owed.

43.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

44.    The documents Defendant filed the Court provided confusing and incorrect information and caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

45.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

46.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions

about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

47.    As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

48.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

49.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

50.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

## **POLICIES AND PRACTICES COMPLAINED OF**

51.    It is Defendant's policy and practice to send written collection communications and file documents with the court, seeking to collect more in interest and other amounts which it was not entitled to collect, in the form annexed hereto as **Exhibit A, C and or D**, which violate the FDCPA, by *inter alia*:

  (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

  (b)    By making false representations of the character or legal status of a debt; and

      (c)     Using unfair or unconscionable means to collect or attempt to collect any debt.

52.     On information and belief, Defendant filed a proposed Write of Execution, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

53.     On information and belief, Defendant filed a Certification in Support of Turn Over of Monies the form annexed hereto as Exhibit C to at least 30 natural persons in the State of New Jersey.

54.     On information and belief, Defendant sent collection letters in the form annexed hereto as Exhibit D to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

55.     Plaintiff repeats the allegations contained in paragraphs 1 through 54 as if the same were set forth at length.

56.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

57.     By filing a Proposed Writ, submitting a Certification in Support of a Motion for Turnover and/or sending a collection letter, which sought to collect interest and/or other amounts in excess of what it was entitled to, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.   15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.   15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

E.   15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F.   15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G.   15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(b) Awarding pre-judgment interest;

(c) Awarding post-judgment interest;

(d) Awarding reasonable attorneys' fees, costs and expenses; and

(e) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
          January 4, 2020

                                    Respectfully submitted,


                               By: s/ Lawrence C. Hersh
                                    Lawrence C. Hersh, Esq.
                                    17 Sylvan Street, Suite 102B
                                    Rutherford, NJ  07070
                                    (201) 507-6300
                                    *Attorney for Plaintiff*


## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: January 4, 2020                    By: s/ Lawrence C. Hersh
                                               Lawrence C. Hersh, Esq

EXHIBIT A

Filing Attorney's Name: Andrew Teller - NJ Attorney ID Number: 023102011
SELIP & STYLIANOU, LLP
10 Forest Avenue - Suite 300, P.O. Box 914
Paramus, NJ 07653-0914
201-368-2850
Attorneys for Plaintiff
S&S #: 51000534
MONMOUTH COUNTY
DOCKET NO: DC-009397-10 / JUDGMENT NO: VJ-011911-10

| | |
|---|---|
| DISCOVER BANK | EXECUTION AGAINST GOODS |
| PLAINTIFF, | AND CHATTELS |

-AGAINST-

ANTHONY JOSEPH TOMAINE
DEFENDANT(S).

TO: ANY, COURT OFFICER OF THE SPECIAL CIVIL PART

**YOU ARE ORDERED** to levy on the property of any of the debtors designated herein; your actions
may include, but are not limited to, taking into possession any motor vehicle(s) owned by any of the
debtors, taking possession of any inventory and/or machinery, cash, bank accounts, jewelry, electronic
devices, fur coats, musical instruments, stock certificates, securities, notes, rents, accounts receivable, or
any item(s) which may be sold pursuant to statute to satisfy this execution in full or in part. Any levy
pursuant to this writ shall exclude (1) all funds in an account of the debtor with a bank or other financial
institution, if all deposits into the account during the 90 days immediately prior to service of the writ
were electronic deposits, made on a recurring basis, of funds identifiable by the bank or other financial
institution as exempt from execution, levy or attachment under New Jersey or federal law, and (2) all
funds deposited electronically in an account of the debtor with a bank or other financial institution
during the two months immediately prior to the account review undertaken by the bank or other
financial institution in response to the writ that are identifiable by the bank or other financial institution
as exempt from execution, levy or attachment under New Jersey or federal law. All proceeds are to be
paid to the court officer who shall pay them to the creditor or the attorney for the creditor, or, if this is
not possible, to the court. This order for execution shall be valid for two years from this date.

Local police departments are authorized and requested to provide assistance, if needed, to the officer
executing this writ. This does not authorize entry to a residence by force unless specifically directed by
court order.

Date: _____

_____
Judge

_____
Clerk of the Special Civil Part

| | |
|---|---|
| Judgment Date: | June 21, 2010 |
| Judgment Award | $11,646.39 |
| Costs and Atty Fees | $304.93 |
| Total Judgment Amount | $11,951.32 |
| Interest from Prior Writs | $641.32 |
| Cost from Prior Writs | $34.00 |
| **Subtotal A** | $12,626.64 |
| Credits, from Prior Writs | $0.00 |
| **Subtotal B** | $12,626.64 |
| New Miscellaneous Costs | $0.00 |
| New Interest on this Writ | $641.32 |
| New Credits on this Writ | $0.00 |
| Execution Costs and mileage | $46.00 |
| **Subtotal C** | $13,313.96 |
| Court Officer Fee | $1,331.40 |
| **TOTAL DUE THIS DATE** | $14,645.36 |

I RETURN this execution to the Court

( )Unsatisfied   ( )Partly Satisfied

Property to be Levied
Upon and Location of Same:

BANK OF AMERICA
8 INDUSTRIAL WAY & HWY 35
EATONTOWN, NJ 07724

Account No. (if known):

Plaintiff's Attorney and Address:
Selip & Stylianou, LLP
10 Forest Avenue - PO Box 914
Paramus, NJ 07653-0914
Phone: 201-368-2850
^P751

Amount Collected        $_____
Fee Deducted            $_____
Amount Paid to Atty     $_____


Date_____/_____
Special Civil Part Officer

Defendant's Address:
ANTHONY JOSEPH TOMAINE
356 WILLOW AVE - APT 1
LONG BRANCH, NJ 07740
Soc Sec #: XXX-XX-9471

EXHIBIT B

```
DOCKET NO.  : MON DC-009397-10          SUPERIOR COURT OF NEW JERSEY
JUDGMENT NO.: MON VJ-011911-10          SPECIAL CIVIL PART
WRIT NUMBER : 003 ISSUED 01/11/19       MONMOUTH COUNTY
EXPIRATION DATE : 01/11/21              STATE OF NEW JERSEY


DISCOVER BANK, PLAINTIFF                -- EXECUTION AGAINST GOODS AND CHATTELS --


         - VS -                         DEBTORS:
ANTHONY J. TOMAINE, DEFENDANT              ANTHONY J. TOMAINE


    ADDRESS OF FIRST DEBTOR:
      356 WILLOW AVE APT 1
      LONG BRANCH  NJ  07740


TO: DAVID P. NASE
    COURT OFFICER OF THE SPECIAL CIVIL PART
```

    YOU ARE ORDERED to levy on the property of any of the debtors designated herein; your actions may include, but are not limited to, taking into possession any motor vehicle(s) owned by any of the debtors, taking possession of any inventory and/or machinery, cash, bank accounts, jewelry, electronic devices, fur coats, musical instruments, stock certificates, securities, notes, rents, accounts receivable, or any item(s) which may be sold pursuant to statute to satisfy this execution in full or in part. Any levy pursuant to this writ shall exclude (1) all funds in an account of the debtor with a bank or other financial institution, if all deposits into the account during the 90 days immediately prior to service of the writ were electronic deposits, made on a  recurring basis, of funds identifiable by the bank or other financial institution as exempt from execution, levy or attachment under New Jersey or federal law, and (2) all funds deposited electronically in an account of the debtor with a bank or other financial institution during the two months immediately prior to the account review undertaken by the bank or other financial institution in response to the writ that are identifiable by the bank or other financial institution as exempt from execution, levy or attachment under New Jersey or federal law.  All proceeds are to be paid to the court officer who shall pay them to the creditor or the attorney for the creditor, or, if this is not possible, to the court.  This writ of execution shall EXPIRE on 01/11/21.
    Local police departments are authorized and requested to provide assistance, if needed, to the officer executing this writ. This does not authorize entry to a residence by force unless specifically directed by court order.

```
Judgment Date...............    06/21/2010      Date: 01/14/2019
Judgment Award..............    $11,646.39
Court Costs & Statutory
   Atty Fees................      $304.93
Total Judgment Amount.......   $11,951.32      DANIEL L WEISS
Interest from Prior Writs...    $1,271.13
Costs from Prior Writs......       $36.98      _____
Subtotal A..................   $13,259.43               (Judge)
Credits from Prior Writs....      $136.31
Subtotal B..................   $13,123.12
New Miscellaneous Costs.....        $.00       /S/ Michelle M. Smith
New Interest on this Writ...        $.00
New Credits on this Writ....        $.00       _____
Execution Fees & Mileage....       $46.00      MICHELLE  M. SMITH,
Subtotal C..................   $13,169.12      CLERK OF THE SUPERIOR COURT
Court Officer Fee...........    $1,316.91
Total Due This Date.........   $14,486.03
Date: 01/11/2019                               (Continued on following page)
```

```
DOCKET NO.  : MON DC-009397-10           SUPERIOR COURT OF NEW JERSEY
JUDGMENT NO.: MON VJ-011911-10           SPECIAL CIVIL PART
WRIT NUMBER : 003 ISSUED 01/11/19        MONMOUTH COUNTY
EXPIRATION DATE : 01/11/21               STATE OF NEW JERSEY


DISCOVER BANK, PLAINTIFF                 -- EXECUTION AGAINST GOODS AND CHATTELS --


        - VS -                           DEBTORS:
ANTHONY J. TOMAINE, DEFENDANT              ANTHONY J. TOMAINE


   ADDRESS OF FIRST DEBTOR:
     356 WILLOW AVE APT 1
     LONG BRANCH  NJ  07740




                                         I RETURN this execution to the Court

                                         (  ) Unsatisfied _____

                                         (  ) Satisfied      (  ) Partly Satisfied

Property to be Levied
Upon and Location of Same:               Amount Collected....._____
   KEARNY FEDERAL SAVINGS BANK
   267 CHANGEBRIDGE ROAD                 Fee Deducted........._____
   FAIRFIELD  NJ  07004
                                         Amount Paid to Atty.._____

*** ADDITIONAL PROPERTIES ON NEXT PAGE *** Date: _____
CREDITOR'S ATTORNEY AND ADDRESS:
   HARRY STYLIANOU
   SELIP & STYLIANOU LLP
   10 FOREST AVE
   PO BOX 914                            _____
   PARAMUS  NJ  07653                          Court Officer
   Telephone: (201) 368-2850
```

```
DOCKET NO.  : MON DC-009397-10          SUPERIOR COURT OF NEW JERSEY
JUDGMENT NO.: MON VJ-011911-10          SPECIAL CIVIL PART
WRIT NUMBER : 003 ISSUED 01/11/19       MONMOUTH COUNTY
EXPIRATION DATE : 01/11/21              STATE OF NEW JERSEY


DISCOVER BANK, PLAINTIFF                -- EXECUTION AGAINST GOODS AND CHATTELS --


          - VS -                        DEBTORS:
ANTHONY J. TOMAINE, DEFENDANT             ANTHONY J. TOMAINE


   ADDRESS OF FIRST DEBTOR:
     356 WILLOW AVE APT 1
     LONG BRANCH  NJ  07740




---------------------------- ADDITIONAL PROPERTIES TO BE LEVIED----------------------------

BANK OF AMERICA
8 INDUSTRIAL WAY E
EATONTOWN  NJ  07724
```

EXHIBIT C

Filing Attorney's Name: Harry Stylianou - NJ Attorney ID Number: 01365-1992
SELIP & STYLIANOU LLP
10 Forest Avenue - Suite 300
P.O. Box 914 Paramus, NJ 07653-0914
201-368-2850
Attorneys for Plaintiff
S&S #: 51000534

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxX
DISCOVER BANK

PLAINTIFF,

-AGAINST-

ANTHONY JOSEPH TOMAINE

DEFENDANT(S).
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxX

DOCKET NO: DC-009397-10
**J#:** VJ-011911-10

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MONMOUTH COUNTY
SPECIAL CIVIL PART

CIVIL ACTION
*Certification in Support of*
*Motion to Turn Over Monies*

1.  I am an attorney with Selip & Stylianou, LLP, the firm representing the Plaintiff herein, and I am fully authorized to make this Certification.

2.  On or about June 21, 2010 Judgment was entered against the defendant(s) herein in the amount of $11,951.32.

3.  In an effort to recover monies due and owing on the aforementioned judgment balance, this Office issued a Bank Execution against an account maintained by the defendant(s) at BANK OF AMERICA. On or about April 01, 2019, Special Civil Part Court Officer DAVID NASE levied upon the defendant'(s) account in the amount of $278.75. A copy of the Court Officer's return of levy is annexed hereto.

4. Post judgment payments and/or credits in the amount of $136.31 have been duly applied against the outstanding judgment balance.

5. As of the date of this certification, there remains due and owing to the plaintiff an outstanding judgment balance in the amount of $14,857.26, exclusive of the costs of this motion and exclusive of the court officer's commission.

 

6.  This certification is submitted in support of Plaintiff's application for an Order to Turn Over all monies levied upon in the aforementioned bank account.

**I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.**

Selip & Stylianou, LLP
               /s/ Harry Stylianou
By: _____
          Harry Stylianou
Dated:  April 23, 2019                                                              P710

EXHIBIT D

Mitchell Selip, P.C. ◇
Harry Stylianou, P.C. ▾ ◇ ◦
David A. Cohen, P.C. ▾
Mitchell G. Slamowitz, P.C. ▾

**NY Office**
199 Crossways Park Drive
Woodbury, NY 11797

# SELIP & STYLIANOU, LLP
Attorneys at Law
**10 Forest Avenue, Suite 300**
**Paramus, NJ 07652**
**Phone (866) 848-8975  Fax (201) 368-1435**
**TTY: (516) 422 8500**
Service not accepted by fax or email

June 19, 2019

Alicia S. Bursky-Stillma

Carol Van Houten ▾
Amelia Kunis ▾
Laura D. Yacht ▾
Efstathios Georgiou ▾
Nicholas Reidy ▾
Latoya Duncan ▾
Joseph Matza ▾
Margaret Leszkiewicz ▾
Andrew Tealer ◇
Joseph Ranaldo ▾
Daniel H. Adler ▾ ◇
Mark Antos ▾

▾ Admitted NY   ◇ Admitted
◦ Admitted PA

Anthony Joseph Tomaine

| Creditor: DISCOVER BANK | |
|---|---|
| S&S #: ▮▮0534 | Account No Ending in: 5512 |
| Docket Number: DC-009397-10 | Judgment No.: VJ-011911-10 |
| Total Balance Due: $14,857.26 | |

Dear Anthony Joseph Tomaine:

Our file indicates that you may be experiencing a hardship that is preventing you from making payments on the referenced matter. Our client requests that you forward to our office documents to support your hardship, such as one of the following items:

- Three current bank statements indicating receipt of disability, SSI, pension or retirement funds;
- Three recent pay stubs evidencing current income;
- Proof of unemployment or disability;
- Proof of SSI/SSD benefits; or
- Any other document that you believe will assist in reviewing your situation.

Upon receipt of the information, we will be in a better position to review your situation. Thank you for your attention to this matter, and we look forward to resolving it with you.

Sincerely,

Brian Ciambriello
Compliance Department

**This communication is from a debt collector.**