UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTHONY TOMAINE, individually and behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SELIP & STYLIANOU, LLP,**<br><br>**Defendant.** | Civ. No. 20-00156 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Selip & Stylianou, LLP ("Selip") attempted to collect a debt held by Anthony Tomaine. Tomaine then sued Selip, claiming that these attempts violated the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. §§ 1692–1692o. Selip now moves for summary judgment on the grounds that Tomaine lacks standing. (DE 90.)[1] For the following reasons, the motion for summary judgment is **DENIED**.

**I.   BACKGROUND**[2]

Selip collects personal, family, and household debt on behalf of creditors. (CAC ¶ 14.) Tomaine defaulted on a financial obligation to Discover Bank,

---

[1]   Certain citations to the record are abbreviated as follows:

  DE = docket entry

  CAC = Class Action Complaint (DE 1)

  SUMF = Statement of Undisputed and Material Facts (DE 90-1)

  Mot. = Selip's Brief in Support of the Motion for Summary Judgment (DE 90-4)

  Opp. = Tomaine's Opposition to the Motion for Summary Judgment (DE 91)

  Reply = Selip's Reply in Support of the Motion for Summary Judgment (DE 92)

[2]   For purposes of this motion, I accept a fact as true if it is admitted in the Answer to the CAC (DE 3) or undisputed in the Response to the SUMF (DE 91-1). Citations to the CAC and the SUMF incorporate the exhibits cited therein.

which was incurred in connection with a credit card account. (*Id.* ¶ 21; SUMF ¶ 1.) This action arises out of Selip's collection efforts with respect to Tomain's defaulted credit card account. (CAC ¶¶ 26, 34–36.)

In May 2010, a lawsuit was filed in state court on behalf of Discover Bank to recover $11,646.39 related to the defaulted credit card account. (SUMF ¶ 2.) The following month, the state court entered a default judgment against Tomaine in the amount of $11,951.32, which included the principal, interest, attorney's fees, and costs. (*Id.* ¶ 3.) By the end of the year, Tomaine filed for bankruptcy and listed the Discover Bank debt among his financial obligations. (*Id.* ¶ 7.)

From January 2019 through April 2019, Selip sought to execute the state court judgment, submitting a proposed writ for $14,645.36 and obtaining a $278.75 levy against a bank account held by Tomaine. (*Id.* ¶¶ 4–5.) Selip also filed a motion to turn over the funds in the levied bank account and, in support of the motion, it submitted a certificate that showed an outstanding balance of $14,857.26. (CAC ¶¶34–35.) Two months later, Selip sent a collection letter to Tomaine requesting the outstanding balance. (*Id.* ¶ 36.) Since that time, Tomaine has testified that he believes he still owes $13,857 in connection with the state court judgment. (SUMF ¶ 6.)

In January 2020, Tomaine filed this lawsuit against Selip for alleged violations of the FDCPA—specifically, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1). (CAC ¶¶ 1, 57.) Among other things, Tomaine alleges that the proposed writ "sought to collect more than it was entitled to collect," that the certificate in support of the motion to turn over the levied bank funds included a number "in excess of the amount actually owed by Plaintiff," and that the collection letter "once again sought to collect post-judgment interest in excess of what Defendant was entitled to collect on behalf of the creditor." (*Id.* ¶¶ 32, 34, 37.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). To defeat summary judgment, the opposing party must point to evidence that creates a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if—taken as true—it would affect the outcome of the case under governing law. And a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *M.S. by and through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) (citations omitted). I construe facts and inferences in the light most favorable to the nonmoving party. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

## III. DISCUSSION

Standing is established if a plaintiff suffers an injury that is "concrete and particularized," traceable to the defendant, and redressable by the suit. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Here, Selip argues that Tomaine lacks standing because any injury he suffered was not particularized or concrete. (Mot. at 5–16.)[3]

The relationship between statutory violations and concrete injuries has been analyzed by the Supreme Court in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). According to the Court, a statutory violation constitutes a concrete injury if the attendant

---

[3] While standing is a function of subject matter jurisdiction, *Petroleos Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014), and subject matter jurisdiction is usually determined on the pleadings, *see* Fed. R. Civ. P. 12(b)(1), courts may address standing *sua sponte* at any stage of the proceedings, *Eastampton Ctr., L.L.C. v. Twp. of Eastampton*, 155 F. Supp. 2d 102, 112 (D.N.J. 2001).

3

harm "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 578 U.S. at 341. Under this standard, "certain harms readily qualify as concrete injuries," including "physical harms and monetary harms," as well as "reputational harms, disclosure of private information, and intrusion upon seclusion." *TransUnion*, 141 S. Ct. at 2204. However, a statutory violation does not automatically count as a concrete injury, even if the statute authorizes the suit for such a violation. *Spokeo*, 578 U. S., at 341; *TransUnion*, 141 S. Ct. at 2205. *Spokeo* has spawned a great deal of litigation. "Numerous courts in this district have applied the holding of *Spokeo*, as illustrated by the Court in *TransUnion*, in cases challenging the existence of standing under the FDCPA." *Rodriguez v. Awar Holdings, Inc.*, 18-16251, 2023 WL 4362729, at *3 (D.N.J. July 6, 2023).

Here, Tomaine alleges that Selip violated the FDCPA by overstating the amounts owed to Discover Bank, both through the $14,645.36 referenced in the proposed writ and through the $14,857.26 referenced in the certificate and the collection letter. And as noted, Selip obtained a $278.75 bank levy, filed a motion to turn over the funds, and submitted the certificate in support of the motion. Since FDCPA violations do not automatically translate into concrete injuries, I will consider whether the overstated amounts in the proposed writ, the certificate, and the collection letter closely relate to traditional bases for lawsuits, such as monetary harms or reputational harms. Separately, I will consider whether the bank levy that precipitated the certificate provides a basis for standing.

### A. The Overstated Amounts

Tomaine alleges that the proposed writ, the certificate, and the collection letter overstated the amounts owed to Discover Bank. Even taking that fact as

true, I must find that Tomaine did not suffer a concrete injury as a direct result of the proposed writ, the certificate, or the collection letter.[4]

In the CAC, Tomaine offers a theory of harm regarding the overstated amounts, alleging that he was negatively impacted in his responsive capacity and decision-making process because he received misleading information. (CAC ¶¶ 42–50.) However, courts in this district have routinely found that misleading information is not closely related to a traditional harm absent actual reliance, *Perez v. I.C. Sys., Inc.*, 21-14883, 2022 WL 17991143, at *5 (D.N.J. Dec. 29, 2022) (collecting cases). There is no indication that Tomaine actually relied on the proposed writ, the certificate, or the collection letter in any way.

In his brief, Tomaine offers another theory of harm, arguing that he experienced adverse effects because the overstated amounts were a matter of public record. (Opp. at 10.) However, "claims raised by a plaintiff at summary judgment must have a basis in the complaint." *Oh v. Collecto, Inc*, 20-01937, 2021 WL 3732881, at *4 (D.N.J. Aug. 23, 2021). And whether or not there is a basis in the CAC to claim that adverse effects occurred due to the public record, this theory is insufficient to establish an injury-in-fact. As Selip correctly points out, there is no indication that a member of the public ever denied any financial or other concrete benefit to Tomaine as a result. (Reply at 5.) Nor is there any indication of a loss akin to reputational harm, which involves information that invites "hatred, contempt, or ridicule," such as reports that flag potential terrorist status. *TransUnion*, 141 S. Ct. at 2208–09 (citations omitted).

Thus, the allegations of harm based on the proposed writ, the certificate, and the collection letter do not set forth a basis for standing.

---

[4]   Selip denies the overstated amount in the proposed writ and does not admit to the overstated amount in the certificate or the collection letter. (DE 3 at ¶¶ 25, 28, 30.) But Selip also asserts that the proposed writ "allegedly included an excess of interest [as] the result of documents completed by the [state] Court." (*Id.* ¶ 47.)

### B. The Bank Levy

The bank levy that precipitated the certificate, on the other hand, does provide a basis for standing, because it involves monetary harm of a type traditionally recognized by the judicial system.

Selip acknowledges that the bank levy was issued in an amount greater than the judgment (Mot. at 2, 7, 15).[5] This improper hold on funds may have been a corrected or correctable mistake, but the lack of access to assets amounts to a monetary harm, however slight.[6] Indeed, courts in this and other circuits have noted that "a relatively insignificant monetary loss" is sufficient to establish an injury-in-fact. *Church v. J Ritter Law P.C.*, 23-1709, 2023 WL 4353544, at *3 (D.N.J. July 5, 2023) (collecting cases).

On this basis, Tomaine has standing to sue Selip for violations of the FDCPA.

## IV. CONCLUSION

For the reasons set forth above, the motion for summary judgment is **DENIED**. A separate order will issue.

Dated: September 15, 2023

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

---

[5] This fact can also be inferred from the CAC, insofar as the pleading alleges that the certificate in support of the motion to turn over the levied bank funds included an overstated amount.

[6] Selip attributes the issue to a clerical error in the state court judgment and maintains that the issue was promptly addressed. (Mot. at 2, 7, 15.) But it is unclear from this record how exactly the issue was caused or resolved, or whether the proposed writ was also implicated, precluding any such finding on a summary judgment standard. (*See* DE 3 ¶ 47.) In any event, the nature or timing of the issue, however relevant to liability or damages, would not alter the threshold standing analysis.