<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY TOMAINE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELIP & STYLIANOU, LLP<br><br>Defendant. | Case No. 2:20-cv-00156 (BRM) (JBC)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**[1]

      Before the Court is Defendant Selip & Stylianou, LLP's ("Defendant") Motion for Reconsideration of Judge Kevin McNulty's September 15, 2023 Judgment (ECF No. 97) denying Defendant's Motion for Summary Judgment (ECF No. 101). Plaintiff filed an opposition on November 6, 2023. (ECF No. 104.) Defendant filed a reply on November 13, 2023. (ECF No. 105.) For the reasons set forth below and for good cause having been shown, Defendant's Motion for Reconsideration is **DENIED**.

**I.**     **BACKGROUND**

      **A.**     **Factual History**

      Defendant collects personal, family, and household debt on behalf of creditors. (ECF No. 1 ¶ 14.) Plaintiff is a debtor who incurred a financial obligation to Discover Bank related to a credit card account. (ECF No. 1 ¶ 16, ECF No. 90 ¶ 1.) Some time prior to May 3, 2010, Discover Bank

---

[1] This matter was reassigned to this Court on November 29, 2023 from the Honorable Kevin McNulty, District Judge. (ECF No. 106.)

assigned, placed, or transferred Plaintiff's obligation to Defendant for collection. (ECF No. 1 ¶ 20.)

On May 3, 2010, Eichenbaum & Stylianou (the predecessor law firm of Defendant) filed a lawsuit against Plaintiff on behalf of Discover Bank entitled *Discover Bank v. Anthony Joseph Tomaine*, No. Mon-DC-009397-10 (the "State Court Action") in the Superior Court of New Jersey, Law Division, Special Civil Part ("Superior Court") to recover $11,646.39 related to the defaulted Discover Bank credit card account, together with interest, attorney's fees, and costs of suit. (ECF No. 90 ¶ 2.) On June 21, 2010, Eichenbaum & Stylianou obtained a default judgment (the "State Court Judgment") against Plaintiff in the amount of $11,951.32 with VJ Number 011911-10. (ECF No. 1 ¶ 23.) In 2010, Plaintiff also filed a chapter 13 bankruptcy petition listing the Discover Bank debt as part of his scheduled creditors listing. (ECF No. 90 ¶ 7.)

The State Court Judgment was transferred from Eichenbaum & Stylianou to Defendant. (ECF No. 1 ¶ 24.) Defendant sought to execute the State Court Judgment from January 2019 to April 2019 for $14,857.26 by (1) filing a proposed Writ of Execution Against Goods and Chattels in the State Court Action ("Proposed Writ") (ECF No. 90 ¶ 4) and (2) obtaining a bank execution against Plaintiff's bank account for $278.75 (*Id.* ¶ 5). On April 23, 2019, Defendant filed a Motion for Turnover of the $278.75 in the levied bank account. (ECF No. 1 ¶ 34.) With the Motion, Defendant filed a Certification in Support of Motion to Turn Over Monies indicating Plaintiff owed $14,857.26 ("Certification"). (*Id.* ¶ 35.) Defendant sent a collection letter on June 19, 2019 stating the total balance due on the loan was $14,857.26. (*Id.* ¶ 36.)

**B.    Procedural History**

Plaintiff filed this action on January 4, 2020, alleging Defendant violated multiple provisions of the FDCPA—specifically, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5),

1692e(10), 1692f, and 1692f(1). (ECF No. 1 ¶ 57, ECF No. 97 at 2.) The allegations are premised on Plaintiff's claim that the Superior Court clerk incorrectly added the interest amount of $641.32 twice to the total judgment amount, thereby adding a total of $641.32 which was not owed. (ECF No. 1 ¶¶ 28–29.) Plaintiff then argues the proposed writ, bank execution, and collection letters stated amounts owed greater than what Plaintiff owed due to the Superior Court error. (ECF No. 1 ¶¶ 32, 34, 37, ECF No. 97 at 2.)

On December 20, 2022, Defendant filed a Motion for Summary Judgment, alleging Plaintiff did not have Article III standing to bring a claim under the FDCPA because he had not suffered a concrete and particularized injury-in-fact. (ECF No. 90.) On January 3, 2023, Plaintiff replied he had suffered from "informational injury" and had been adversely impacted by the inaccurate documents sent by Defendant. (ECF No. 91.) Specifically, he argued Defendant had not provided information he was entitled to in the proposed writ, certification, and collection letters, as these documents overstated the amount due. (*Id.* at 7–9.) Plaintiff also claimed he was adversely affected by the errors because the Superior Court issued a writ of execution against his bank account for more than the amount owed. (*Id.* at 9–10.) Defendant replied Plaintiff had alleged various violations of the FDCPA but had not alleged any "adverse effect" or injury to concrete interests from the violations, thereby failing to demonstrate standing. (ECF No. 92 at 4–8.) In particular, Plaintiff had not alleged taking any action or suffering any adverse result from the misstated loan amount. (*Id.*) On January 20, 2023, Defendant submitted an appendix with the case *Jackson v. I.C. Sys., Inc.*, No. 21-12342, 2023 WL 157517 (D.N.J. Jan. 11, 2023), which dismissed an FDCPA claim for lack of Article III standing. (ECF No. 93.) On February 3, 2023, Defendant submitted a further appendix with the cases *Levins v. Healthcare Revenue Recovery Grp.*, No. 17-928, 2023 WL 416077 (D.N.J. Jan. 26, 2023) and *Nuamah-Williams v. Frontline Asset Strategies,*

3

*LLC*, No. 21-15440, 2023 WL 1470057 (D.N.J. Feb. 2, 2023), both of which also denied FDCPA claims for lacking Article III standing. (ECF No. 94.)

On September 15, 2023, Judge McNulty issued an opinion holding that the overstated amounts in the proposed writ, certification, and collection letter did not injure Plaintiff, as there is no indication he actually relied on the information contained in the documents, and "informational harm" is not a sufficiently concrete injury for standing. (ECF No. 97 at 5.) However, Judge McNulty held "[t]he bank levy that precipitated the certificate, on the other hand, does provide a basis for standing, because it involves monetary harm of a type traditionally recognized by the judicial system" since it led to a "lack of access to assets." (*Id.* at 6.) Judge McNulty therefore denied Defendant's Motion for Summary Judgment based on Plaintiff's lack of standing. (*Id.*)

On September 28, 2023, Defendant filed a Motion for Reconsideration of Judge McNulty's September 15 decision. (ECF No. 101.) In the Motion, Defendant argued the "Court overlooked the dispositive factual matter that the Plaintiff did not suffer any injury-in-fact via the $278.75 which was restrained from his bank account" because the fact Plaintiff owed this money was uncontested. (*Id.* at 4.) Plaintiff responds Defendant is improperly asking the Court to reconsider Judge McNulty's assessment of the same facts, and the fact the bank levy was issued for an amount greater than the judgment amount constitutes a sufficient injury for standing. (ECF No. 104 at 3–5.) Defendant replies it has appropriately detailed facts Judge McNulty overlooked in his judgment, namely that the bank levy was issued in conjunction with an undisputed judgment. (ECF No. 105 at 2–3.)

## II.   LEGAL STANDARD

Motions for Reconsideration are authorized in the District of New Jersey by Local Civil Rule 7.1(i). The comments to Local Civil Rule 7.1(i) make clear that "reconsideration is an

extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.,* No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits a clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc*., No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result

in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process") (citations omitted).

## III.   DECISION

Defendant argues Judge McNulty overlooked the dispositive factual matter that Plaintiff suffered no injury-in-fact from Defendant's bank levy on Plaintiff's account for $278.75. (ECF No. 101-1 at 4.) Defendant claims this fact was presented to Judge McNulty in its initial Motion for Summary Judgment, meaning Judge McNulty's holding was (1) without support in the record, and (2) would result in manifest injustice if not reconsidered. (*Id.*) Defendant argues the Plaintiff was legally responsible to pay $278.75 regardless of any error in the Superior Court calculation of the amount due, as Defendant would have owed more than $12,000 in any case. (*Id.* at 4–5.) Defendant notes that if Judge McNulty found Plaintiff had not suffered an injury-in-fact from the bank levy, Defendant's Motion for Summary Judgment for lack of Subject Matter Jurisdiction would have been granted. (*Id.* at 5.)

Plaintiff contends Judge McNulty did not overlook any dispositive factual or legal matter before it, and Defendant is improperly asking the Court to reconstrue the facts in a manner favorable to Defendant. (ECF No. 104 at 4.) Plaintiff argues Judge McNulty properly found Plaintiff had suffered an injury-in-fact from Defendant's bank levy, since this levy was for an amount greater than owed and deprived Plaintiff of access to his assets. (*Id.*) Therefore, Judge McNulty "correctly found that Plaintiff suffered monetary harm from the wrongly issued bank levy, and the subsequent restraint of funds, thereby establishing a concrete injury sufficient to establish Article III jurisdiction and standing." (*Id.* at 4–5.)

Defendant replies it has properly directed the Court to facts already presented to Judge McNulty in its Motion for Summary Judgment, and Judge McNulty overlooked the dispositive fact Plaintiff legally owed the money levied from the bank account. (ECF No. 105 at 2.) Defendant notes the levy was only for $278.75, substantially less than the undisputed money owed by Plaintiff. (*Id.* at 2–3.)

Even if Judge McNulty's ruling on the issue may have been incorrect, the error must constitute "a clear error of law" or a "manifest injustice" to ground a Motion for Reconsideration. *Max's Seafood Café*, 176 F. 3d at 677. The party challenging the ruling must do more than show the ruling was erroneous, "it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010). There tends to be "substantial, if not complete, overlap" between the concepts of a "clear error of law or fact" and "manifest injustice," with the same analysis generally applying to both grounds. *Centennial Plaza Prop., LLC v. Trane U.S. Inc.*, No. 22-1262, 2022 WL 3098111, at *2 (D.N.J. Aug. 4, 2022) (quoting *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018)). When arguing a clear error

of law or manifest injustice, "the moving party 'must base its motion on arguments that were previously raised but were overlooked by the Court.'" *Internet Prods., LLC v. LLJ Enters., Inc.*, No. 18-15421, 2020 WL 13669531, at *3 (D.N.J. Jan. 15, 2020) (quoting *Biggs v. Thomas Jefferson Univ. Hosp.*, No. 13-3037, 2014 WL 6487284, at *2 (E.D. Pa. Nov. 19, 2014)). Ultimately, "the movant [must] show that the record is 'so patently unfair and tainted that the error is manifestly clear to all who view it." *Internet Prods*, 2020 WL 13669531 at *3 (quoting *Biggs*, 2014 WL 6487284 at *2).

Although the matter was not considered in detail, Judge McNulty sufficiently addressed Defendant's arguments regarding Plaintiff's inability to show damages from the bank levy. Defendant argued they "had every right to serve a bank levy against the Plaintiff" and "[t]he fact that a few hundred dollars were improperly and mistakenly added to the judgment amount did not cause any damage to the Plaintiff or cause the Plaintiff to take any action to his detriment." (ECF No. 90-4 at 6–7.) Judge McNulty held the bank levy constituted an injury-in-fact because it was "issued in an amount greater than the judgment" and the "lack of access to assets amounts to a monetary harm, however slight." (ECF No. 97 at 6.) Judge McNulty clearly stated the bank levy constituted an injury due to its incorrect amount, thereby leading to an excessive restriction on Plaintiff's assets. Judge McNulty cannot, therefore, be said to have overlooked Defendant's arguments.

Judge McNulty did not make a "clear error of law" or commit a "manifest injustice" because Judge McNulty's judgment was a defensible view of the evidence and law, and Defendant has proffered no case law that clearly indicates Judge McNulty's judgment was incorrect. The Court notes Defendant cited no case law relevant to the bank levy issue in its Summary Judgment briefing, apart from an unrelated Seventh Circuit case regarding collection letters (ECF No. 90-4

at 6–7, 15, ECF No. 92, ECF No. 94), or in its briefing for this Motion (ECF No. 101-1), and the Court can find no case law directly contradicting Judge McNulty's analysis. Judge McNulty's judgment is therefore based on a valid perspective of the record, as it is arguable the imposition of the bank levy constituted a concrete injury to Plaintiff. Judge McNulty's holding was premised on the understanding Plaintiff's bank account was concretely encumbered by the levy in an amount more than necessary, thereby excessively restraining Plaintiff's access to and use of the account. Because this view was defensible based on the record, Defendant has not met its burden of showing a clear error of law or a manifest injustice and cannot prevail on this Motion for Reconsideration based simply on its different view of the evidence.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion for Reconsideration of Judge McNulty's September 15, 2023 judgment on Defendant's Motion for Summary Judgment is **DENIED**. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: January 22, 2024