<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY TOMAINE,<br><br>Plaintiff,<br><br>v.<br><br>SELIP & STYLIANOU, LLP,<br><br>Defendant. | Case No. 2:20-cv-00156 (BRM) (JBC)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**[1]

Before the Court is Defendant Selip & Stylianou, LLP's ("Defendant") Motion to Modify Court Orders (ECF No. 112), seeking to amend the Court's September 15, 2023 Amended Summary Judgment Order (ECF No. 99) and January 22, 2024 Order (ECF No. 111) denying Defendant's Motion for Reconsideration. Defendant requests the Court add 28 U.S.C. § 1292(b) language to certify a question for an interlocutory appeal of the identified orders. (ECF No. 112.) This request is governed by Federal Rule of Appellate Procedure 5(a)(3), which states, "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Anthony Tomaine ("Plaintiff") filed an Opposition on February 20, 2024. (ECF No. 115.) Defendant filed a Reply on February 23, 2024. (ECF No. 116.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Defendant's Motion to Modify Court Orders is **DENIED.**

---

[1] On November 29, 2023, this case was reassigned from the Honorable Kevin McNulty, U.S.D.J. to the undersigned.

I.  **BACKGROUND**

The underlying facts are set forth at length in the Court's September 15, 2023 Opinion (ECF No. 97) and January 22, 2024 Opinion (ECF No. 110). In the interest of judicial economy, the Court refers the parties to those Opinions for a full recitation of the factual background of this dispute. (*See* ECF Nos. 97, 110.)

On December 20, 2022, Defendant filed a Motion for Summary Judgment, alleging Plaintiff did not have Article III standing to bring a claim under the Fair Debt Collection Practices Act ("FDCPA") because he had not suffered a concrete and particularized injury-in-fact. (ECF No. 90 ¶ 1.) On September 15, 2023, Judge McNulty denied Defendant's Motion for Summary Judgment. He held that "[t]he bank levy that precipitated the certificate . . . does provide a basis for standing, because it involves a monetary harm of a type traditionally recognized by the judicial system" since it led to a "lack of access to assets." (*Id*. at 6.)[2] Therefore, Judge McNulty denied Defendant's Motion for Summary Judgment based on his finding that Plaintiff had standing. (*Id.*)

On September 28, 2023, Defendant filed a Motion for Reconsideration of Judge McNulty's September 15, 2023 decision. (ECF No. 101.) On January 22, 2024, this Court denied Defendant's Motion and issued an opinion holding that Judge McNulty's decision was based on a valid perspective of the record, as it is arguable the imposition of the bank levy constituted a concrete injury to Plaintiff. (ECF No. 110 at 9.) The Court found Judge McNulty's decision was premised on the understanding that Plaintiff's bank account was concretely encumbered by the levy in an amount more than necessary, thereby excessively restraining Plaintiff's access to and use of the

---

[2] As to the overstated amounts in the proposed writ, certification, and collection letter, the Court found this did not injure Plaintiff, as there is no indication he actually relied on the information contained in the documents, and "informational harm" is not a sufficiently concrete injury for standing. (ECF No. 97 at 5.)

account. (*Id.*) Because this view was defensible based on the record, Defendant had not met its burden of showing a clear error of law or a manifest injustice. (*Id.*) Therefore, this Court denied Defendant's Motion for Reconsideration of Judge McNulty's September 15, 2023 denial of Defendant's Motion for Summary Judgment. (*Id.*)

On February 9, 2024, Defendant filed a Motion to Modify the Court's September 15, 2023 Amended Summary Judgment Order and January 22, 2024 Order, in order to certify a question under 28 U.S.C. § 1292(b). (ECF No. 112.) Specifically, Defendant asks the Court to modify the orders to include the following language:

> This Court is of the opinion that the Court's September 15, 2023 Amended Summary Judgment Order (Doc. 99) and January 22, 2024 Order on Defendant's Reconsideration Motion (Doc. 111) involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the orders may materially advance the ultimate termination of the litigation.

(ECF No. 112.)

In support thereof, Defendant argued that all requirements for 28 U.S.C. § 1292(b) are met. (*Id.* at 5.) Defendant states the "alleged violations of the FDCPA caused no monetary injury to Plaintiff" (*id.* at 7), and the "immediate resolution of this issue by the Court of Appeals will materially advance the ultimate termination of the litigation" (*id.* at 8). Plaintiff responds that Defendant has failed to meet the high standard required for certification of a question for interlocutory appeal. (ECF No. 115 at 3.) Specifically, Plaintiff argues that Defendant has failed to establish there is substantial ground for difference of opinion. (*Id.*) Furthermore, Plaintiff states Defendant has unduly delayed in bringing the motion to modify an order, as Fed. R. Civ. P. 60(c)(1) requires the request be made within a "reasonable time." (*Id.* at 7.) Defendant replies it filed its

Motion within a reasonable time on February 9, 2024—eighteen days after this Court's entry of the January 22, 2024 Order denying Defendant's Motion for Reconsideration. (ECF No. 116 at 6.)

## II. LEGAL STANDARD

Defendant requests this Court amend its September 15, 2023 Amended Summary Judgment Order and January 22, 2024 Order denying Defendant's Motion for Reconsideration in order to certify a question for interlocutory appeal. (ECF No. 112.) Federal Rules of Appellate Procedure 5(a)(3) governs Defendant's motion to amend, as it grants the Court the authority to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement." The time to petition for interlocutory appeal runs from entry of any amended orders. Fed. R. App. P. 5(a)(3).

The statute governing interlocutory appeals, 28 U.S.C. § 1292(b), provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order[.]

28 U.S.C. § 1292(b).

Therefore, a district court may certify a non-final order for interlocutory appeal where the order (1) involves a controlling question of law, (2) there is a "substantial ground for difference of opinion" about that question of law, and (3) where immediate appeal may materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The burden is on the movant to demonstrate that all three requirements are met." *F.T.C. v.*

*Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (citations omitted), *aff'd*, 799 F.3d 236 (3d Cir. 2015).

However, a district court should certify an interlocutory appeal pursuant to 28 U.S.C. § 1292 "sparingly" and "only in exceptional circumstances that justify a departure from the basic policy of postponing review until the entry of the final order." *See Fiscus v. Combus Finance AG*, No. 03-1329, 2006 WL 2845736, at *1 (D.N.J. Sept. 28, 2006) (citing *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996). Even if the moving party meets all criteria under Section 1292(b), the district court may still deny certification as "permission to appeal is wholly within the discretion of the courts." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976); *see also United States v. Riddick*, 669 F. App'x 613, 613 n.2 (3d Cir. 2016) (citing *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir. 1979)) (finding an order denying a request to certify questions for appeal was unreviewable).

### III. DECISION

#### A. Controlling question of law

"A question is 'controlling' if its incorrect disposition would require reversal of the final judgment." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (quoting *Katz*, 496 F.2d at 755). "When determining whether an issue presents a controlling question of law, the emphasis is on whether a different resolution of the issue would eliminate the need for trial." *Alexander v. Wash. Mut., Inc.*, No. 07-4426, 2008 WL 3285845, at *3 (E.D. Pa. Aug. 4, 2008) Defendant presently seeks to appeal this Court's determination that Plaintiff has standing to bring their FDCPA claim. (ECF No. 112 at 6.) Specifically, Defendant alleges Plaintiff suffered no concrete injury or monetary loss due to a purported FDCPA violation. (*Id*. at 8.) Judgment would

be reversible on final appeal if this determination is erroneous, and a different determination of the issue would eliminate the need for trial. Therefore, this is a controlling question of law.

### B. Substantial Ground for Difference of Opinion

Substantial ground for a difference of opinion "must arise out of genuine doubt as to the correct legal standard." *Hulmes*, 936 F. Supp. at 207. "A party's disagreement with the district court's ruling does not constitute 'a substantial ground for a difference of opinion' within the meaning of 1292(b)." (*Id.*) "The clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.'" *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (citing *Beazer E., Inc. v. The Mead Corp.*, Civ. No. 91-0408, 2006 WL 2927627, *2 (W.D. Pa. Oct. 12, 2006)). However, a court may find a lack of substantial grounds for a difference of opinion even if district and circuit courts have arrived at contrary holdings, provided those holdings are not controlling. *See Smith v. Conseco Life Ins. Co.*, No. 13-5253, 2014 WL 5361746 (D.N.J. Oct. 21, 2014) (citing *Interfaith Cmty. Org., Inc. v. PPG Indus. Inc.*, 702 F. Supp. 2d 295, 319 (D.N.J. Mar. 26, 2010).

Defendant failed to establish a substantial ground for difference of opinion in their Motion to Amend Court Orders. (ECF No. 112 at 8.) Instead, Defendant reiterates allegations that Plaintiff cannot claim a monetary loss due to a purported FDCPA violation. (*Id.*) Defendant fails to cite any conflict in district or circuit opinion regarding the inquiry of the court when analyzing concrete injury. (*Id.*) Plaintiff contends Defendant "simply reiterates the same arguments that it raised in the motion for reconsideration – that Plaintiff has failed to establish an injury in fact since he has not established a monetary loss." (ECF No. 115 at 4.) This argument was denied by Judge McNulty in his September 15, 2023 Opinion as to Summary Judgment (ECF No. 97) and by this Court's January 22, 2024 Opinion denying Defendant's Motion for Reconsideration. (ECF No. 110).

Without raising any new legal theory, Defendant's motion is essentially asking this Court to reconsider its order denying the motion for reconsideration. While Defendant may disagree with this Court's prior decision and wish this Court would provide further analysis, "mere disagreement is not proper grounds for reconsideration." *Physicians Healthsource, Inc. v. Advanced Data Systems Int'l, LLC*, No. 16-3620, 2019 WL 11270469, at *3 (D.N.J. Aug. 20, 2019). Therefore, Defendant failed to raise substantial ground for a difference of opinion and the second essential prong to Section 1292(b) is not met.

      **C.**      **Materially Advance the Ultimate Termination of the Litigation**

An interlocutory appeal materially advances the litigation's ultimate termination if it will (1) eliminate the need for trial; (2) eliminate complex issues from the action, or; (3) eliminate issues that make discovery more difficult and more expensive. *In re Dwek*, No. 10-4259, 2011 WL 487582, *4 (D.N.J. Feb. 4, 2011) (citing *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d. 603, 613 (E.D. Pa. Mar. 26, 2008). A critical factor is whether the interlocutory appeal will cause excessive delay. *See Hulmes*, 936 F. Supp. at 212 (noting "[d]elay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial" (quotation and citation omitted)). Furthermore, "[w]here discovery has been ongoing and the case is nearly ready for trial, 'an interlocutory appeal can hardly advance the ultimate termination of the litigation.'" *Knopick*, 963 F. Supp. 2d at 398 (citing *Bradburn Parent Teacher Store v. Minn. Mining & Mfg. Co.*, No. 02-7676, 2005 WL 1819969, *4 (E.D. Pa. Aug. 2, 2005)).

Defendant contends this appeal would materially advance the ultimate termination of the litigation. (ECF No. 112 at 8.) If the Third Circuit were to find the Plaintiff does not have standing for their claim, termination of litigation would be imminent. However, at this stage of litigation the appeal process will likely not materially advance the termination of litigation. Discovery is

closed, pre-trial motions have been adjudicated, and this action is approaching trial. This Court ordered all discovery to be completed by October 31, 2022, and the record does not reflect anything contrary. (ECF No. 86.) Circuit precedent cited above states an interlocutory appeal at this stage would likely not materially advance the ultimate termination of litigation. *See Knopick*, 963 F. Supp. 2d at 398; *see also Hulmes*, 936 F. Supp. at 212.

Defendant failed to carry its burden of demonstrating all three requirements for immediate interlocutory appeal are met in their Motion to Amend Court Orders (ECF No. 112), or in their Reply Brief to Plaintiff Opposition. (ECF No 116.) *See Litgo N.J., Inc. v. Martin*, No. 06-2891, 2011 WL 1134676, at *2 (D.N.J. Mar. 25, 2011) Even if it had met this burden, the Court would still retain discretion to deny Defendant's request, which it finds good cause to do. *Bachowski*, 545 F.2d at 368 ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.") (citation omitted). Accordingly, Defendant's request that this Court amend its September 15, 2023 Amended Summary Judgment Order and January 22, 2024 Order denying Defendant's Motion for Reconsideration to certify a question for immediate interlocutory appeal is **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Amend Court Orders to certify a question for interlocutory appeal is **DENIED**. An appropriate Order follows.

                                          */s/ Brian R. Martinotti*
                                          HON. BRIAN R. MARTINOTTI
                                          UNITED STATES DISTRICT JUDGE

Dated: July 17, 2024